[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15246
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-60161-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN MANDLI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 21, 2008)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Benjamin Mandli appeals his 78-month sentence, imposed after he pleaded

guilty to knowingly and intentionally possessing material containing images of child pornography that had been transported in interstate and foreign commerce via the Internet, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). On appeal, he argues that the sentence imposed, which was at the lowest end of his sentencing range, is procedurally and substantively unreasonable,[1] in part, because the district court: (1) refused to consider his diminished mental capacity, due to Asperger's Syndrome; (2) failed to consider the factors of 18 U.S.C. § 3553(a); (3) ignored his uncontested evidence that (a) he posed no risk to recidivism and (b) he is likely to become a victim in a prison setting; and (4) incorrectly concluded that it was prohibited from imposing a variant sentence based on 18 U.S.C. § 3553(b)(2)(A).[2]

Following United States v. Booker, 543 U.S. 220, 1125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review sentences for reasonableness, United States v.

---

[1] Mandli also argues that the district court erred by not imposing a downward departure for diminished mental capacity, presumably pursuant to U.S.S.G. § 5K2.13. Because the district court recognized its authority to depart downward, but concluded that a departure was not appropriate, we lack jurisdiction to review this claim. See United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006).

[2] Pursuant to 18 U.S.C. § 3553(b)(2)(A), in imposing sentence on a defendant convicted of an offense such as Mandli's, "the court *shall* impose a sentence of the kind, and within the range, referred to in subsection (a)(4)" unless certain exceptions, not applicable to the instant case, apply. 18 U.S.C. § 3553(b)(2)(A) (emphasis added). The PSI, as adopted by the court, suggested at one point it "appear[ed]" that the court was precluded under § 3553(b)(2)(A) from imposing a variance, but neither the parties nor the district court explicitly mentioned the applicability of § 3553(b)(2)(A), or this language in the PSI, during sentencing. Nor did the court assert that it believed that it was statutorily barred from imposing a downward variance in this case. Thus, there is nothing in the record to support Mandli's assertion that the court erroneously believed that it was statutorily barred from imposing a downward variance.

2

Talley, 431 F.3d 784, 785 (11th Cir. 2005). The Supreme Court recently clarified

that this standard is synonymous with the abuse of discretion standard. Gall

v. United States, 552 U.S. __, 128 S.Ct. 587, 596, 169 L.Ed.2d 445 (2007).[3]

In imposing a sentence, a district court first must correctly calculate a

defendant's applicable Guideline range, and then must consider all of the factors

outlined in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence. Gall, 128

S.Ct. at 596-97. These factors include: (1) the nature and circumstances of the

offense and the history and characteristics of the defendant; (2) the need to reflect

the seriousness of the offense, to afford adequate deterrence, to promote respect for

the law, to provide just punishment for the offense, to protect the public, and to

provide the defendant with needed educational or vocational training or medical

care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5)

pertinent Sentencing Commission policy statements; (6) the need to avoid

unwarranted sentencing disparities; and (7) the need to provide restitution to

victims. See 18 U.S.C. § 3553(a). After deciding on the appropriate sentence, the

district court must sufficiently explain the chosen sentence to permit meaningful

---

[3] We note that Mandli (i) never expressly requested a downward variance before the district court, but rather only sought a "downward Guideline departure sentence," although he did cite to Booker and to 18 U.S.C. § 3553(a); and (ii) never objected, after the district court imposed sentence, that his 78-month sentence was procedurally or substantively unreasonable. However, we need not decide whether Mandli's failure in either or both of these regards dictates that we apply plain error review because Mandli's claim fails under either standard.

3

appellate review and to promote the perception of fair sentencing. Gall, 128 S.Ct. at 597.

Thus, our review is two-fold. First, we must ensure that the district court committed no significant procedural error. Second, we must ensure that the sentence imposed by the district court was substantively reasonable. Id.

A sentencing decision is procedurally sound if the district court correctly calculated the defendant's sentencing range, treated the Guidelines as advisory, considered the § 3553(a) factors, selected a sentence that was not based on clearly erroneous facts, and adequately explained the chosen sentence. Id.

A sentencing decision is substantively reasonable if the district court acted within its discretion in determining that the § 3553(a) factors supported the sentence. Id. at 600. A "district court need only 'acknowledge' that it 'considered the § 3553(a) factors[,]' and need not discuss each of these factors in either the sentencing hearing or in the sentencing order[.]" United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S.Ct. 671 (2007) (citations omitted). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), abrogated on other grounds by Kimbrough v. United States, __ U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). "'[I]t is not

the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.'" United States v. Melvin, 187 F.3d 1316, 1323 (11th Cir. 1999) (citation omitted) (alteration in original). Thus, we will reverse a procedurally proper sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363.

Upon review, we conclude that Mandli's sentence was procedurally sound. Mandli does not dispute that the district court correctly calculated the guidelines range. And, the court considered Mandli's arguments and evidence as to a reasonable sentence, acknowledged that the Guidelines were advisory, and reasoned that a sentence at the low end of the guidelines range was appropriate in light of the § 3553(a) factors, the advisory Guidelines concerning child sexual offenses, the statements of the parties, the evidence presented. The court's explanation of its reasons was sufficient. Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007) (finding that a lengthy explanation is not necessarily required when a court decides to follow the Guidelines in a particular case, particularly where the court has listened to parties' arguments,

5

considered the supporting evidence, and was aware of the defendant's special conditions).

Furthermore, we conclude that Mandli's sentence is substantively reasonable. First, the district court imposed the 78-month sentence only after listening to and considering the parties' evidence and arguments as to a reasonable sentence. Second, the court noted that it considered the sentence imposed to be appropriate in light of the § 3553(a) factors, and specifically listed three of those factors. Although the district court did not explicitly mention every § 3553(a) factor, it was not required to do so, and "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." Williams, 456 F.3d at 1363.

Third, contrary to Mandli's arguments on appeal, the district court never explicitly indicated that it was prohibited from considering diminished capacity in determining whether a variance was appropriate, but rather expressly stated that it: (1) understood that Mandli had disorders that need to be dealt with; (2) considered his nature and circumstances, which presumably would have encompassed his diminished mental capacity; and (3) considered the testimony of his psychiatrist.

Finally, the sentenced imposed, which was at the low end of the guidelines range, was substantially less than the offense's statutory maximum of 120-months'

6

imprisonment.  Accordingly, we **AFFIRM** Mandli's 72-month sentence as reasonable.